UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN OSBORNE, | : | Case No. 2:24-cv-4029 |
| | : | |
| Petitioner, | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| WARDEN, LEBANON CORR. INST., | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner Steven Osborne, an inmate in state custody at the Lebanon Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with the assistance of counsel. This matter is before the Court upon the Petition (Doc. 7), Respondent's Return of Writ (Doc. 13), Petitioner's Traverse (Doc. 14), the state court record (Doc. 12), and the state court transcripts (Doc. 12-1). For the reasons stated below, the undersigned Magistrate Judge recommends that the Petition be **DISMISSED** because it is time-barred.

**I. PROCEDURAL HISTORY**

The relevant procedural history is summarized below.

**A. *Alford* Plea**

On February 17, 2021, a grand jury in Washington County, Ohio returned a four-count indictment charging Petitioner with one count of attempted murder and one count of felonious assault, both with firearms specifications; one count of tampering with evidence; and one count of having weapons while under disability. (Doc. 12 at Ex. 1, PageID 62-65). Petitioner initially pled not guilty. (*Id.* at Ex. 2, PageID 66).

1

On February 14, 2022, Petitioner withdrew his not-guilty plea and entered an *Alford* plea on Count One (attempted murder). (*Id.* at Ex. 3, PageID 67-68; Doc. 12-1 (plea hearing transcript)). The state trial court accepted Petitioner's *Alford* plea and adjudicated Petitioner as guilty. (Doc. 12 at Ex. 3, PageID 67-72). The trial court sentenced Petitioner to a jointly recommended indefinite term of imprisonment of 10 to 15 years pursuant to the Reagan Tokes Law (Ohio S.B. 201).[1] (*Id.* at Ex. 4, PageID 74-77).

**B. Motion for Delayed Direct Appeal**

On September 28, 2023, approximately eighteen months after he was sentenced, Petitioner filed a notice of appeal through new counsel. (Doc. 12, PageID 79-80). The next day, Petitioner filed a motion for leave to file a delayed direct appeal to Ohio's Fourth District Court of Appeals. (*Id.* at PageID 90-96). Petitioner argued that a delayed direct appeal was warranted because his trial counsel was ineffective for failing to advise him about the "Reagan Tokes indefinite sentencing controversy, which will likely be decided by a federal judge in the future." (*Id.* at PageID 91-92). On October 25, 2023, the state appellate court denied Petitioner's motion for delayed appeal, stating:

> Mr. Osborne took over one year and six months to file his motion for delayed appeal. At no point has Mr. Osborne or counsel set forth any justifiable reason for not filing a timely appeal other than the fact that he and his father "did not understand the possibility that the Reagan Tokes sentencing law may be overturned by a federal court in the future." Upon consideration, we conclude that Mr. Osborne has not set forth any basis for his one year and seven-month

---

[1] As explained by the Ohio Supreme Court:

> S.B. 201, often called "the Reagan Tokes Law," … took effect on March 22, 2019. In S.B. 201, the General Assembly revived indefinite sentencing for offenders convicted of first- or second-degree felonies for which life imprisonment is not an available sentence: the sentencing court must now choose a minimum prison term from a range of possibilities, and the minimum prison term dictates the maximum prison term.

*State v. Staffrey*, 2025-Ohio-2889, ¶ 15.

2

> delay in filing a notice of appeal.  Therefore, we **DENY** the motion for leave to file delayed appeal.

(*Id.* at PageID 114-16).

### C. Discretionary Appeal

On December 11, 2023, Petitioner filed a discretionary appeal to the Supreme Court of Ohio that raised two propositions of law:

1. When an appellate court decides a motion for leave to file a delayed appeal, a court should consider if a defendant's attorney failed to fully inform the client of appellate rights.

2. Indefinite sentencing violates the Sixth and Fourteenth Amendments of the United States Constitution because a sentence can be lengthe[ned] by an administrative agency of the executive branch with no opportunity to challenge the facts in a court of law.

(Doc. 12 at Ex. 11, PageID 119-27).  The State filed a responsive brief.  (*Id.* at Ex. 12, PageID 128-37).  On February 6, 2024, the Supreme Court of Ohio declined to accept jurisdiction.  (*Id.* at Ex. 13, PageID 138).

### D. Federal Habeas Corpus

Petitioner filed this federal habeas corpus action on October 1, 2024.  (Doc. 1 (original petition)).  Petitioner raises the following two grounds for relief:

> **GROUND ONE**: Petitioner suffered a constitutional deprivation from the trial court's imposition of a prison sentence of ten to fifteen years as the Reagan Tokes sentencing law violates the Fifth and Fourteenth Amendments of the United States and the right to procedural and substantive due process.
>
> **GROUND TWO**: Petitioner's prison sentence will be determined by a non-judicial entity and is not subject to judicial discretion; extending a sentence without the right to counsel, compulsory process, and a jury violates the Sixth and Seventh Amendments of the United States Constitution.

(Doc. 7, PageID 36-38 (operative petition)).

## II. ANALYSIS

The undersigned Magistrate Judge recommends that this habeas action be dismissed because Petitioner's claims are time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), and no recognized exception applies.

AEDPA requires state prisoners to file an application for a writ of habeas corpus in federal court within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

The provisions in Section 2244(d)(1)(B)-(D) plainly do not apply. Petitioner has not alleged that a State-created impediment prevented him from filing a federal habeas petition, or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. And because Petitioner's claims are based on the indefinite sentencing scheme that was imposed during the trial court proceedings, he was therefore either aware of the facts underlying his claims or could have discovered them through the exercise of due diligence.

Therefore, the timeliness of this habeas action is governed by Section 2244(d)(1)(A). Under that provision, the one-year filing deadline began to run when Petitioner's conviction and

sentence became final, which was at the "conclusion of direct review or the expiration for the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, the state trial court imposed its sentence on February 15, 2022. (Doc. 12 at Ex. 4, PageID 73-77). Petitioner's conviction and sentence became final thirty days later on March 17, 2022, which was the last day to file a timely direct appeal with the state appellate court. Ohio App. R. 4(A)(1). The one-year statute of limitations began to run on the following day, March 18, 2022, and expired on March 20, 2023.[2]

Petitioner argues that his Petition is nevertheless timely (Doc. 7, PageID 36; Doc. 14, PageID 229) because it was filed within one year after the Supreme Court of Ohio declined jurisdiction over his appeal from the appellate court's denial of his motion for leave to file a delayed direct appeal. (*See* Doc. 12, PageID 138). But Petitioner cannot extend or restart the AEDPA deadline by filing a direct appeal that the state court denied as untimely. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a ***properly filed*** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (emphasis added); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction [habeas] petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2).") (citation omitted); *Searcy v. Carter*, 246 F.3d 515, 518-20 (6th Cir. 2001) (citations omitted) (holding that the AEDPA's statute of limitations does not run "anew" when a state court denies a motion for delayed appeal). Thus, this habeas action is time-barred unless a recognized exception applies.

A. **Equitable Tolling**

AEDPA's statute of limitations may be equitably tolled if "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."

---

[2] "[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

*Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  This relief is granted only "sparingly."  *Id.* (quoting *Robertson*, 624 F.3d at 784).  To obtain equitable tolling, Petitioner must show that (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* (quoting *Holland*, 560 U.S. at 649).

  Neither showing is made here.  With regard to diligence, Petitioner did not file this habeas action until October 1, 2024, more than eighteen months after the one-year AEDPA limitations period expired.  Although Petitioner maintains that he was unaware of the Reagan Tokes indefinite sentencing scheme "controversy" until September 2023, the limitations period begins to run "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)).  Petitioner knew the important facts about his indefinite sentence at the time of his conviction.  Even if he did not recognize the potential legal significance of those facts until September 2023, his delayed recognition did not toll the AEDPA limitations period.  *Webb*, 679 F. App'x at 448.  Moreover, even if his delayed recognition could provide a basis for equitable tolling, Petitioner still could not establish diligence because he waited for more than a year before seeking habeas relief in October 2024.  *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003) (holding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").

  Petitioner also has not shown that an extraordinary circumstance prevented him from seeking relief in a timely manner.  Petitioner maintains that he was unaware of the "controversy" around the Reagan Tokes Law because his trial counsel failed to adequately explain these issues.

6

(Doc. 7, PageID 35; Doc. 14, PageID 229; Doc. 12, PageID 94 (affidavit from Petitioner's father attesting to the same)). The ineffective assistance of counsel *can* constitute an extraordinary circumstance that warrants equitable tolling. *Billingsley v. Haviland*, No. 18-3042, 2018 WL 3390408, at *2 (6th Cir. July 9, 2018) (citing *Holland*, 560 U.S. at 652). But as Petitioner concedes, the Supreme Court of Ohio has held that the Reagan Tokes Law is a constitutional sentencing scheme that does not violate due process rights. *State v. Hacker*, 2023-Ohio-2535, 229 N.E.3d 38; *Hearn v. Warden, Belmont Corr. Inst.*, No. 2:22-cv-2916, 2024 WL 3982215, at *7 (S.D. Ohio Aug. 28, 2024) (discussing the Supreme Court of Ohio's holdings in *Hacker*). Although Petitioner speculates that a federal court might reach a different result, the Court is not aware of any authority that requires trial counsel to inform a defendant about possible changes in the law. *See Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010) (collecting cases) (finding that "appellate counsel is not ineffective for failing to predict the development of the law"); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) ("[N]onegregious errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel."); *Abner v. Warden, London Corr. Inst.*, No. 1:23-cv-229, 2024 WL 3890689, at *5 (S.D. Ohio Aug. 21, 2024) (citing *Burton v. Thaler*, 863 F. Supp. 2d 639, 654 (S.D. Tex. 2012)) (noting that the court was "dubious" that trial counsel is required to preserve constitutional challenges on unsettled law).

Accordingly, the undersigned concludes that equitable tolling does not apply.

**B. Miscarriage of Justice**

Petitioner has also not demonstrated that the Court may excuse the untimeliness of his Petition based on a miscarriage of justice through a colorable showing of actual innocence. A colorable claim of actual innocence permits this Court to consider untimely constitutional issues.

7

*McQuiggin v. Perkins*, 569 U.S. 383, 392-95 (2013). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To establish a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

No such showing has been made here. Petitioner has not submitted any new evidence to establish a colorable claim of actual innocence that would allow this Court to consider his time-barred claims. Indeed, Petitioner maintains that he is not challenging his conviction or plea deal but is focusing only on the constitutionality of his indefinite sentence under the Reagan Tokes Law. (Doc. 14, PageID 229-30). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

Accordingly, the undersigned concludes that Petitioner's Petition is time-barred and **RECOMMENDS** that it be **DISMISSED**. Given this recommendation, the undersigned does not address either Respondent's procedural default arguments or Petitioner's habeas claims on their merits.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Petition (Doc. 7) be **DISMISSED** on the basis that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the Petition because "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO RECOMMENDED.**

| | |
|---|---|
| October 22, 2025 | */s/ Caroline H. Gentry* |
| Date | Caroline H. Gentry |
| | United States Magistrate Judge |

## NOTICE OF PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the

9

Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).